## The Honesdale National Bank v. Klein et al.

*Stark, Bissell & Reifsnyder*, for plaintiff.
*Paul H. Maxey*, for garnishee.

HOBAN, J., December 4, 1939.—The proceedings are attachment execution and the case went to trial on the garnishee's plea of nulla bona and its answer to the interrogatories. At the conclusion of the trial, points for binding instructions in favor of plaintiff and also in favor of the garnishee were submitted by counsel for the respective parties; whereupon the court directed a verdict in favor of plaintiff and against the garnishee, and directed the verdict to show that the garnishee was indebted to defendant in the sum of $1,472.08. Since there is some complaint made against the form of the verdict directed by the court, we state it here verbatim:

"Verdict

"And now, to wit, May 11, 1939, we, the jurors empaneled in the above-entitled case, find in favor of the plaintiff and against the garnishee, Lackawanna Leather Co., Inc., and that the garnishee has in its possession assets belonging to defendant in excess of the amount of judgment of plaintiff against defendant, said assets amounting to $1472.08.

Sara Littlejohn, Foreman."

The case is before us on motion for judgment n. o. v. in favor of defendant and also on a rule for a new trial.

The case against the garnishee was sought to be proved by plaintiff by calling to the witness stand defendant Louis Klein and his daughter, Eleanor Klein. In order to understand the peculiar nature of this case it should be noted that plaintiff, the Honesdale National Bank, obtained a judgment against Louis Klein and then in this

attachment execution proceeded to garnishee the Lackawanna Leather Company. The Lackawanna Leather Company is a close family corporation, formed out of a previous individual business belonging to Louis Klein, defendant. Louis Klein, defendant, and judgment debtor, is also president, treasurer, and general manager of the Lackawanna Leather Company, the garnishee. His daughter, Eleanor Klein, is the bookkeeper for the company. All the shares of stock of the company, as appears from the evidence, are held as follows: Louis Klein, 1 share; Mrs. Etta Klein, wife of Louis Klein, 18 shares; Harold H. Klein, son of defendant Louis Klein, 1 share.

The 20 shares above distributed are the only shares issued and outstanding, and it is likewise in evidence that all the money put into the business came from advances from either Louis Klein himself or from a joint account in the name of Louis Klein and his wife, Etta Klein.

When Louis Klein was called to the stand by counsel for plaintiff, he was not in the first instance specifically called as for cross-examination, but subsequently in his testimony it became quite apparent that Louis Klein was a hostile witness. The court thereupon concluded to allow counsel for plaintiff to consider his examination of Louis Klein as cross-examination, not alone because of hostility but because he had a right to call him for such cross-examination as an adverse party. This was, of course, over the objection of the counsel for defendant, who was thereupon deprived of the right to cross-examine the witness.

Defendant's daughter, of course, not being an adverse party, nor an officer of the garnishee, but simply an employe, was called as for direct examination by plaintiff, but proved to be such a recalcitrant and unwilling witness that she had to be admonished by the court for not making direct answers to questions concerning facts within her knowledge as bookkeeper. At the conclusion of plaintiff's examination of the foregoing witnesses, the garnishee

rested its case without calling any witnesses. Both sides submitted requests in writing for binding instructions; whereupon the court directed the jury to enter a verdict in favor of plaintiff in the form as stated above.

As to the motion for judgment n. o. v. in favor of the garnishee, the garnishee relies principally on the fact that there was no direct proof offered of a creditor-debtor relationship between plaintiff and defendant Klein, contending that either the judgment against Klein or the writ of attachment execution should have been offered in evidence. It is true that neither the judgment nor the writ was formally introduced in evidence. The garnishee calls to our attention the case of Goller v. Wass' Admr., 10 D. & C. 470, 472, as authority for this proposition. Apparently the theory upon which the court in that case (Somerset County) considered such formal proof necessary is expressed in one sentence from the opinion therein:

"Without the record so made up by the plaintiff, the garnishee is left in the dark as to what he is required to meet."

But by no stretch of the imagination can the garnishee in the case at bar be under any misapprehension as to what it is required to meet, since the judgment debtor is the president, treasurer, and general manager of the garnishee and is to all intents and purposes the company itself. Furthermore, while the writ of attachment execution itself was not formally offered in evidence, it is part of the record in the case, and the sheriff's return in the writ showed that it was served on the garnishee by serving it upon the same Louis Klein personally as president of the garnishee. How can the garnishee now claim that it is left in the dark as to what it is required to meet? We think the reasoning of Goller v. Wass' Admr., supra, does not in any way apply to this case.

The motion for judgment n. o. v. also complains of the fact that counsel for the garnishee was refused the right to cross-examine Louis Klein under the ruling of the court that he was a witness for plaintiff, but only as for cross-

examination. We cannot see how Klein could be considered in his dual capacity as judgment debtor and as president and manager of the garnishee in any other capacity than as an adverse party subject to call for cross-examination by plaintiff. His interest lay entirely as defendant, and to allow his own counsel to cross-examine him would be a travesty on the principles of evidence. The option was granted to counsel for the garnishee to call him as his own witness on his own side of the case, which he chose not to do.

Objection is also made as to the form of the verdict, but the verdict was based upon the worth of the one share of stock in the hands of defendants and is an exact one twentieth of the admitted net worth of the company. It needs no citation of authority to show that a stockholder's interest in the garnishee corporation is subject to attachment, and the form of the verdict simply expressed the value of the stock interest so held under the attachment.

As to the motion for a new trial, the garnishee argues that the court had no right to direct a verdict where the testimony was entirely oral in character. However, as we view the testimony, there can be no other inference drawn from it but that the value of the defendant's one share of stock in the corporation was as stated in the verdict. There is nothing involved but a simple mathematical calculation. We are not in the same situation as where oral testimony, even though undisputed, is offered by plaintiff and subject to question as to its credibility. What we have here is testimony drawn properly from defendant and the responsible officer of the garnishee, and the garnishee's own bookkeeper. Neither defendant nor the garnishee is in any position to question the credibility of the testimony drawn from his own lips, nor ask a jury to pass upon it. See 6 Standard Pennsylvania Practice, p. 93, sec. 102. We do not believe that there was any error in refusing to submit the case to the jury.

Now, December 4, 1939, the rule to show cause why judgment non obstante veredicto should not be entered in

favor of defendant is discharged, and the rule to show cause why a new trial should not be granted in the above-entitled case is likewise discharged.